UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
### CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____ Original Plan

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☒ MMM 4th _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Theodore M. Mann     JOINT DEBTOR: Lisa Mann     CASE NO.: 23-12556-EPK
SS#: xxx-xx- 0427             SS#: xxx-xx-4107

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☒ Included | ☐ Not included |
| Nonstandard provisions, set out in Section IX | ☒ Included | ☐ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $680.48       for months  1  to  21  ;
2. $3,000.00     for months  22 to  22  ;
3. $2,818.45     for months  23 to  35  ;
4. $3,810.71     for months  36 to  60  ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**     ☐ NONE     ☐ PRO BONO

| | | | | | |
|---|---|---|---|---|---|
| Total Fees: | $10,425.00 | Total Paid: | $1,600.00 | Balance Due: | $8,825.00 |
| Payable | $160.91 | /month (Months 1 to 21 ) | | | |
| Payable | $513.48 | /month (Months 22 to 22 ) | | | |
| Payable | $379.41 | /month (Months 23 to 35 ) | | | |

Allowed fees under LR 2016-l(B)(2) are itemized below:
$4,650 + $2,600 MMMs + $525 lien avoid + $525 Mot Cont Stay + $2,125 Mods

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS     ☐ NONE

**A. SECURED CLAIMS:**     ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: CitiMortgage, Inc.
   Address: 1000 Technology Dr.,     Arrearage/ Payoff on Petition Date _____

LF-31 (rev. 04/01/22)                    Page 1 of 5

|  |  |  |  |
|---|---|---|---|
| O'Fallon, MO 63368 | MMM Adequate Protection | $146.05 | /month (Months 1 to 21) |
|  | MMM Adequate Protection | $690.59 | /month (Months 22 to 60) |

Last 4 Digits of Account No.: 2782

Other: _____

■ Real Property
  ■ Principal Residence
  ☐ Other Real Property

Check one below for Real Property:
  ■ Escrow is included in the regular payments
  ☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
1126 SE Clifton Lane, Port St. Lucie, FL 34983

☐ Personal Property/Vehicle
Description of Collateral: _____

---

2. Creditor: US BANK TRUST NA AS TRUSTEE OF THE IGLOO SERIES III TRUST

Address: 7114 E STETSON DR, STE 250, Scottsdale, AZ 85251

| Arrearage/ Payoff on Petition Date | $27,822.71 |  |
|---|---|---|
| Arrears Payment (Cure) | $22.46 | /month (Months 1 to 21) |
| Arrears Payment (Cure) | $10.00 | /month (Months 22 to 35) |
| Arrears Payment (Cure) | $1,088.44 | /month (Months 36 to 60) |
| Regular Payment (Maintain) | $311.85 | /month (Months 1 to 21) |
| Regular Payment (Maintain) | $1,500.00 | /month (Months 22 to 22) |
| Regular Payment (Maintain) | $1,469.03 | /month (Months 23 to 60) |

Last 4 Digits of Account No.: 7388

Other: _____

■ Real Property
  ■ Principal Residence
  ☐ Other Real Property

Check one below for Real Property:
  ■ Escrow is included in the regular payments
  ☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
1126 SE Clifton Lane, Port St. Lucie, FL 34983

☐ Personal Property/Vehicle
Description of Collateral: _____

---

3. Creditor: US BANK TRUST NA AS TRUSTEE OF THE IGLOO SERIES III TRUST

Address: 7114 E STETSON DR, STE 250, Scottsdale, AZ 85251

| Arrearage/ Payoff on Petition Date | $525.00 |  |
|---|---|---|
| Payoff (Including 0% monthly interest) | $0.48 | /month (Months 1 to 21) |
| Payoff (Including 0% monthly interest) | $13.20 | /month (Months 22 to 60) |

Last 4 Digits of Account No.: 7388

Other: Not Post Pet Fees/Costs

■ Real Property
  ■ Principal Residence
  ☐ Other Real Property

Check one below for Real Property:
  ■ Escrow is included in the regular payments
  ☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
1126 SE Clifton Lane, Port St. Lucie, FL 34983

Debtor(s): Theodore M. Mann , Lisa Mann          Case number: 23-12556-EPK

| ☐ Personal Property/Vehicle |
|---|
| Description of Collateral: |

**B. VALUATION OF COLLATERAL:** ■ NONE

**C. LIEN AVOIDANCE** ☐ NONE

Judicial liens or nonpossessory, nonpurchase money security interests securing the claims will be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522 as listed below. A separate motion will also be served pursuant to BR 7004 and LR 3015-3.

| 1. Creditor: Gemaire Distributors, LLC | Collateral: 1126 SE Clifton Lane, Port St. Lucie, FL 34983 |
|---|---|
| Address: 2151 W. Hillsboro Blvd., Suite 400, Deerfield Beach, FL 33442 | Exemption: homestead |
| Last 4 Digits of Account No.: unk | |

**D. SURRENDER OF COLLATERAL:** ■ NONE

**E. DIRECT PAYMENTS** ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.
The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|
| 1. TMX FINANCE OF FLORIDA INC | unk | 2007 FORD F150 |
| 2. Port St. Lucie Code Compliance Division/City of Port St. Lucie | unk | 1126 SE Clifton Lane, Port St. Lucie, FL 34983 **any and all claims on Schedule D |

**IV. TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]  ■ NONE

**V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS** ☐ NONE

Pay    $203.02    /month (Months  36   to  60  )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. **SEPARATELY CLASSIFIED:**  ■ NONE

**VI. STUDENT LOAN PROGRAM**  ■ NONE

**VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**  ■ NONE

**VIII. INCOME TAX RETURNS AND REFUNDS:**

■ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

**IX. NON-STANDARD PLAN PROVISIONS** ☐ NONE

☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

■ Mortgage Modification Mediation

1   The debtor has filed a Verified Motion for Referral to MMM with:

CitiMortgage, Inc. _____ ("Lender")

loan number 2782

for real property located at 1126 SE Clifton Lane, Port St. Lucie, FL 34983

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan." If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

Debtor(s): Theodore M. Mann , Lisa Mann    Case number: 23-12556-EPK

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| Debtor | Date | Joint Debtor | Date |

Theodore M. Mann                                    Lisa Mann

_____    12/3/24
Attorney with permission to sign on    /Date
Debtor(s)' behalf who certifies that
the contents of the plan have been
reviewed and approved by the
Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

---

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.